

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

September 23, 2014

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    ***United States v. Jelfrey Gutierrez*, 13 Cr. 242 (SAS)**

Dear Judge Scheindlin:

      The defendant is scheduled to be sentenced in this matter on October 1, 2014, at 4:30 p.m.  For the reasons explained below, the Government respectfully submits that a Guidelines Sentence, with a two-level downward variance provided that the defendant agrees on the record at sentencing to waive any right to seek a sentence modification, be imposed at sentencing, which would result in a sentence of 30 to 37 months' imprisonment.

<h3 style="text-align:center"><u>Background</u></h3>

      The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York.  At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

      The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller.  The Government made plea offers based on these classifications.  The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the Organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug

1

weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a lower drug weight.   Within these broad categories, the Government also considered a defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

## The Defendant's Conduct

The defendant, Jelfrey Gutierrez, was initially a heroin manager, but was demoted to serving as a street seller because he had difficulty managing money for the Organization. In the structure of the Organization, the Government places him towards the top of the lower-tier of defendants. As a result, the Government agreed to accept a plea without a mandatory minimum sentence.

Pursuant to defendant's plea agreement, the defendant's Guidelines Offense level is 21. Although the defendant has three criminal history points under the plea agreement, the Government agrees that the two points assigned for Intent to Obtain Transportation Without Paying should not be counted, placing the defendant in Criminal History Category of I.  This would result in a Guidelines range of 37 to 46 months' imprisonment.  It is the current policy of the Department of Justice that a two-level downward variance is generally warranted from the offense level specified in Section 2D1.1(c) of the November 1, 2013 version of the Guidelines manual. Consistent with this policy, this Office will take the position that the defendant should be sentenced as though the applicable Guidelines range is 30 to 37 months' imprisonment, provided that the defendant agrees on the record at sentencing to waive any right to seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c).

In light of the substantial amount of heroin sold by the Organization, and the defendant's role, the Government respectfully submits that a sentence of 30 to 37 months' imprisonment is appropriate here, and would be sufficient, but not greater than necessary, to satisfy: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (2) the need to afford adequate deterrence to criminal conduct.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:  _____

Jared Lenow/Jessica Masella
Assistant United States Attorneys
(212) 637-1068/2288

cc:    William Joseph Stampur, Esq. (by email)