UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA        :

        -against-                     :        13 Cr. 242-20 (SAS)

JELFREY GUTIERREZ,              :

        Defendant.                    :
-------------------------------------------------------x

# MEMORANDUM IN AID OF SENTENCING
# ON BEHALF OF DEFENDANT JELFREY GUTIERREZ

                                    WILLIAM J. STAMPUR, ESQ.
                                    Stampur and Roth
                                    Attorney for the Defendant
                                    **JELFREY GUTIERREZ**
                                    299 Broadway, Suite 800
                                    New York, NY 10007
                                    212-619-4240

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA            :

         -against-                  :         13 Cr. 242-20 (SAS)

JELFREY GUTIERREZ,                  :

         Defendant.                 :
------------------------------------------------------x
```

## MEMORANDUM IN AID OF SENTENCING
## ON BEHALF OF DEFENDANT JELFREY GUTIERREZ

### INTRODUCTION

This memorandum is submitted on behalf of defendant Jelfrey Gutierrez, who is scheduled to appear before your Honor in connection with the above-referenced matter on October 1st, 2014 following his guilty plea to Count 1 in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(1)(C). Under the terms of his agreement the Government accepted a guilty plea to the lesser included offense of conspiring to distribute and possess with the intent to distribute a quantity of heroin in satisfaction of Count One. Accordingly the Government and defendant agreed that the applicable penalties were those set forth in Title 21, United States Code 841 (b)(1)(C). I submit this memorandum pursuant to Federal Rules of Criminal Procedure 32(i)(1)(C), on behalf of Mr. Gutierrez to advise Your Honor of matters that will be raised at sentencing that are relevant to determining a sentence in compliance with the mandates of 18 U.S.C. § 3553(a), which requires that a defendant be punished *sufficient but not greater than necessary.*

### THE PLEA AGREEMENT

Mr. Gutierrez pleaded guilty on July 10th, 2014 before Your Honor to Count One of a Three Count indictment. The Plea Agreement assumes the following guideline calculation:

The Applicable Guidelines Range

| | | |
|---|---|---|
| Base Offense Level: | | 24 |
| Acceptance of Responsibility: | less: | 3 |
| Adjusted Offense Level | | 21 |

In the plea agreement Mr. Gutierrez was awarded three Criminal History Points and placed in Criminal History Category II, which resulted in a stipulated Guidelines Range of 41 to 51 months.

The parties also agreed, pursuant to the current policy of the Department of Justice that a two-level downward variance is warranted from the offense level specified in Section 2D1.1(c) of the November 1, 2013 version of the Guidelines manual, and as such the applicable Guideline range is 33 to 41 months.

## PRESENTENCE INVESTIGATION REPORT

The 2013 edition of the Guidelines was used by the Probation Department to calculate the Guidelines in this case. The Pre-Sentence Investigation Report (hereinafter "PSR") tracks the Plea Agreement with respect to the Guideline's calculation with one exception. The Probation Department analysis indicates Mr. Gutierrez's total Criminal History Score is 1 and his Criminal History Category is I. As such with the agreed upon two level reduction as stipulated to in § 2D1.1(c) the advisory Guideline Range should be 30 to 37 months.

## CORRECTIONS TO PSR

1. Mr. Gutierrez's mother's current husband is Hector Perez not Hector Cruz. See PSR ¶ 68.

2. Mr. Gutierrez's reportedly used prescription medications not until the age of 24, which he has not reached yet, but until the age of 22 when he went into the Osborne program. See PSR ¶ 74.

## NATURE AND CIRCUMSTANCES OF THE OFFENSE

Jelfrey Gutierrez was charged in this federal indictment before Your Honor with approximately 30 other co-defendants as a result of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into drug trafficking in the area of 194th Street and Briggs Avenue in the Bronx, New York. The Government viewed each of the defendants as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller. Mr. Gutierrez is in category 3, a low level street seller and is arguably one of the least culpable defendants in this case. Mr. Gutierrez did not reap substantial profits from this offense and while he has been arrested before, his arrests consist almost entirely of misdemeanors or violations, including many transit offenses. (PSR ¶ 12)

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Mr. Gutierrez is 23 years old. His criminal history category is I. He has remained in custody at the Metropolitan Detention Center (MDC) since his arrest on April 3rd, 2013. At the time of his sentence he will have been incarcerated almost 18 months.

Family

Mr. Gutierrez was born in New York and is the only child to a relationship between Jose Agramonte and Johanny Gutierrez. (PSR ¶ 67)

Mr. Gutierrez lives with his mother and two maternal half-siblings: Stephanie, a college student and Cesar, a construction worker. All are aware of his conviction and remain supportive.

## EDUCATION

Mr. Gutierrez earned a GED in 2012, a security guard license in 2011, and an OSHA (Occupational Safety & Health Administration) in 2012. (PSR ¶ 76). See Exhibit A.

## SUBSTANCE ABUSE

Mr. Gutierrez first tried marijuana at a young age and more regularly as a teenager. In addition, he began using prescription medications at age 17.

In July 2011, Mr. Gutierrez was arrested in front of 2600 Briggs Avenue for criminal sale of a controlled substance and prosecuted in Bronx County State Court. He ultimately plead guilty in November 2012 and entered the Bronx Judicial Diversion/Treatment Court, which allows an individual to plead guilty, participate in a drug treatment program, and upon the successful completion thereof have the case reduced to a misdemeanor conviction or dismissed as an alternative to incarceration. (PSR ¶ 55 and 75). As the Government has indicated, this arrest and conviction is related to and included as part of the instant Federal offense.

After his plea of guilty in November 2012, at the Bronx Diversion/ Treatment Court, Mr. Gutierrez began participation in drug treatment at the Osborne Association in the Bronx. He continued this successful participation until his arrest in the instant case. Attached as Exhibit B are documents from the Osborne Association, reflecting Mr. Gutierrez's participation and successful progress.

Christian Lassiter, Esq. the lawyer at Bronx Defenders, 860 Courtlandt Avenue, Bronx, New York 10451, confirms Mr. Gutierrez was doing extremely well at the Osborne program. Unfortunately, a bench warrant was issued April 17, 2013, shortly after his arrest on the instant Federal case as he was in Federal lockup.

Until counsel contacted Mr. Lassiter he was unaware of Gutierrez's arrest on the federal case and his location in Federal lockup.

On September 23, 2014 Mr. Lassiter informed counsel he had consulted with those involved in the Bronx Judicial Diversion/ Treatment Court including the Bureau Chief of Narcotics for the Bronx District Attorney's office and the Judge and was informed of the decision to dismiss Mr. Gutierrez's case on September 30, 2014.

## SENTENCING CONSIDERATIONS PURSUANT TO 18 U.S.C. §3553(a)

As the Court is aware, Federal Sentencing Guidelines are not binding but are merely advisory. *See United States v. Booker*, 125 S.Ct. 738 (2005) (excising the mandatory provisions of the guidelines and corresponding Sentence Reform Act (SRA), principally 18 U.S.C. §3553(b)(1)); *Gall v. United States,* 128 S.Ct. 586 (2007); *Kimbrough v. United States*, 128 S. Ct. 558 (2007). There is a duty to consider the Guidelines, among all the other factors to be considered that are identified in 18 U.S.C. §3553(a), and then determine whether to impose a "non-guidelines sentence." *See United States v. Crosby*, 397 F.3d. 103 (2d Cir. 2005). Appellate review will be for reasonableness. *Id.*

In *Gall,* the Supreme Court restored broad discretion to district court judges encouraging them to impose the sentence they deem most appropriate after considering all of the sentencing factors set forth in 18 U.S.C. § 3553(a). *Gall* involved a sentence of probation imposed on Brian Michael Gall who, while he was in college had distributed the illegal drug "ecstasy." Gall's guideline sentencing range for his crime was 30-37 months in prison, however; after concluding that Gall's post-offense conduct indicated that he would not return to criminal behavior and that he was not a danger to society, the District Court imposed a non-prison sentence of three years probation.

The Eight Circuit vacated Gall's sentence as unreasonable holding that such a variance had to be supported by "extraordinary circumstances."

The Supreme Court reversed the Circuit Court holding that while the Guidelines should be "the starting point and the initial benchmark" of a reasonable sentence, the sentencing judge "may not presume that the Guideline range is reasonable" and instead "must make an individualized assessment based on the facts presented." *Gall* at 596-597. Thus the Supreme Court rejected the Eight Circuit's decision requiring that a below Guidelines sentence need be justified by extraordinary circumstances.

Judge Raggi, in *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008), noted that "while a sentencing court is statutorily obligated to give fair consideration to the Guidelines before imposing sentence....in the end it must make an 'individualized assessment' of the sentence warranted by § 3553(a) 'based on the facts presented.'" Indeed, Judge Raggi writes "the sentencing court's deference derives, in part, from its unique ability to make such assessments." *Jones*, 531 F.3d at 170. As *Gall* emphasized, district courts have two distinct institutional advantages in determining what sentence best achieves the purposes of Section 3553(a) in a given case. First, district courts impose scores of sentences each year, in short they have institutional experience that elevates their decision making competence. Second, the district court is in a superior position to find facts relevant to sentencing and judge their import under Section 3553(a).

In concluding for the court, Judge Raggi notes that "sentencing is not . . . a precise science . . . Rarely if ever to do the pertinent facts dictate one and only one appropriate sentence. Rather, the facts may frequently point in different directions so that even experienced district judges may reasonably differ, not only in their findings of fact, but in the relative weight they

accord competing circumstances. Such reasonable differences necessarily mean that, in the great majority of cases, a range of sentences, frequently extending well beyond the narrow ranges prescribed by the Guidelines---must be considered reasonable." *Id.* at 13.

*Nelson v. United states*, 555 U.S. 350 (2009) and *Pepper v. United States*, 131 S.Ct. 1229 (2011) bear citing. In *Nelson* the Supreme Court reminded the Fourth Circuit that when a sentencing court is considering the sentencing factors, there is no presumption that the Guidelines range is reasonable. *Nelson*, 555 U.S. at 892. Thus, *Nelson* requires the court to consider all the factors found in 18 U.S.C. § 3553(a) with the requirement that the sentencing judge determine the sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2). *Id.* The Guidelines range is a factor, like other factors, that your Honor should consider but is not presumed to be reasonable.

In *Pepper* the Supreme Court reiterated that the character and propensities of the offender are of great importance in the determination of a just sentence. *Pepper*, 131 S.Ct. at 1240 (*citing Pennsylvania ex rel. Sullivan v. Ashe,* 302 U.S. 51, 55 (1937)).

Even if this Court were to agree with the sentencing range set forth by the Guidelines, the Court is vested with a broad degree of discretion enabling the Court to render a more fair non-Guidelines sentence, which serves the purpose of sentencing in an objective and fair way without unduly punishing the defendant or his family in a manner inconsistent with the statutory scheme.

18 U.S.C. § 3553(a) provides that: The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:

A. the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for;

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…;

(5) any pertinent policy statement…[issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

<u>The Seriousness of the Offense, Respect for the Law and Just Punishment</u>

The concepts embodied in § 3553(a)(2)(A) are interrelated and necessarily vary from case to case, depending on the nature of the offense, the underlying facts, and the defendant.

In Mr. Gutierrez's case we ask the Court to consider the nature and circumstances of the offense together with Mr. Gutierrez's progress in the Osborne program and limited role in the Federal conspiracy when assessing what would be a just sentence in this case.

<u>General and Specific Deterrence and Protection of the Public</u>

Section 3553(a)(2)(B) instructs this Court to consider "the need for the sentence imposed" and to afford "adequate deterrence to criminal conduct." Deterrence, however, must be seen in light of the mandate of § 3553(a) that a sentence not be "greater than necessary." The concept of general deterrence, like the concept of a "just sentence," is necessarily not subject to precise definition.

With regard to general deterrence, it is the certainty, not the severity of punishment that best serves as a general deterrent to the public at large. Thus, a sentence below the advisory range would more than adequately fulfill the goal of "afford[ing] adequate deterrence to criminal conduct."

The Kinds of Sentences Available

There is no legal impediment upon the Court that precludes a sentence below the guideline range.

## THE PARSIMONY CLAUSE

In recent decisions the Supreme Court and the Second Circuit have instructed the district courts to employ their "informed and individualized judgment" to reach a sentence that is "sufficient but not greater than necessary to fulfill the purposes of sentencing," as set forth in the so-called "parsimony clause" of 18 U.S.C. §3553(a)(2). In *Cavera*, the Second Circuit affirmed that guidelines sentences are *not* presumed reasonable. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (emphasis added). As before, district judges are encouraged to use their experience and judgment in determining what price a defendant should pay for a crime, *aided* by the guidelines but in no sense governed by them.

In the instant case, equities suggest the Court consider an individualized sentence below the Guideline estimate set forth in the plea agreement.

## CONCLUSION

As the Court is aware several defendants who have been sentenced to date have received non-Guideline sentences ranging from approximately eleven to twenty-four months below the low end of their respective Guidelines ranges. Many sentenced defendants had a greater role in the conspiracy than Mr. Gutierrez and plead guilty to distributing larger quantities of drugs.

Because these defendants had greater involvement in the conspiracy than Mr. Gutierrez and because they distributed more drugs, we respectfully submit that Mr. Gutierrez should similarly in order to avoid unwarranted disparities receive a non-Guideline sentence. Mr. Gutierrez although arrested previously has never spent a long time incarcerated. The past 18 months at the MDC where there is little opportunity for any fresh air, exercise, and programs has given him time to think about his poor choices, which have affected not only himself but his family. Ironically, Mr. Gutierrez was doing well for the first time in his young life, drug free and possessive of a positive outlook, when arrested on this Federal conspiracy charge. Mr. Gutierrez has demonstrated the potential for rehabilitation, and his desire remains to continue with his rehabilitation and seek gainful employment. He respectfully asks the Court to consider sentencing him to time served and Supervised Release.

Thank you very much for your time and consideration.

Dated: New York, New York
September 23, 2014

Respectfully Submitted,

William J. Stampur, Esq.

cc: AUSAs Jared P. Lenow and Jessica Ann Masella (by ECF)
USPO Walter J. Quinn (by ECF)